## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| CONGELA BIOCOSMETICS, LLC | CIVIL ACTION NO.: |
| Plaintiff, | COMPLAINT FOR: |
| v. | (1) Declaratory Judgment of Trademark Ownership |
| CIM HOLDINGS GROUP, LLC, a Florida Limited Liability Corporation; and JACOB MIGUEL, | (2) Tortious Interference With A Business Relationship |
| Defendants. | (3) Tortious Interference With Contract |
| | **JURY TRIAL DEMANDED** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Congela Biocosmetics, LLC ("Congela" or "Plaintiff"), for its Complaint and demand for a jury trial, hereby complains of Defendants CIM Holdings Group, LLC ("CIM"); and Jacob Miguel ("Miguel," collectively with CIM, "Defendants"), and alleges as follows:

### I.     THE PARTIES

1.      Plaintiff Congela is a limited liability company organized under the laws of Delaware with its principal place of business in Miami, Florida.

2.      On information and belief, Defendant CIM is a limited liability company organized under the laws of the state of Florida, having a principal place of business at St. Petersburg, Florida.

1

3. On information and belief, Defendant Miguel is an individual residing in Miami-Dade County, Florida. On information and belief, Miguel is currently an owner of CIM.

## II.  JURISDICTION AND VENUE

4. This civil action includes claims for a declaration of ownership of certain trademarks under the trademark law of the United States, more particularly, 15 U.S.C. §§ 1051 *et seq*.

5. This Court has subject matter jurisdiction over claim 1 pursuant to at least 28 U.S.C. § 1331, and has at least supplemental jurisdiction over claims 2 and 3 pursuant to at least 28 U.S.C. § 1367(a), including because, as alleged in more detail below, it is sufficiently related to the claims over which this Court has original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. On information and belief, Defendant CIM is organized under the laws of Florida and has its principal place of business in St. Petersburg, Florida. On information and belief, Defendant Miguel resides in Miami-Dade County Florida. Defendants are therefore each subject to personal jurisdiction in Florida, and each of the Defendants has committed the acts complained of in this Judicial District.

7. Venue is proper in the Southern District of Florida because Defendants each committed acts complained of in this Judicial District. Thus, venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the

2

events or omissions giving rise to the claims occurred in this Judicial District. In addition, on information and belief, Defendant Miguel resides in Miami-Dade County Florida. Thus, venue is also proper pursuant to 28 U.S.C. § 1391(b) because Defendant Miguel resides in this Judicial District and all Defendants are residents of the state of Florida.

8. All conditions precedent to the bringing of this action have been satisfied, performed, excused or waived.

### III. STATEMENT OF THE CASE

9. This action seeks a declaration as to ownership of trademarks of which CIM is incorrectly named as the owner with the PTO. Specifically, this action seeks a declaration as to the ownership of the trademark "JuveXO®" (the "Trademark"). Defendant Miguel, in connection and cooperation with his company CIM, improperly recorded an assignment with the PTO and misrepresented that the assignment it presented was an assignment of the Trademark to CIM. As set forth in this Complaint, Congela is and remains the rightful owner of the Trademark, and Defendants' misrepresentation regarding assignment and use of the Trademark are without any legal basis or authority. This action also concerns related claims for acts of tortious interference with business relationships and contracts committed by Defendants in connection with Defendants' misrepresentations.

## IV. FACTUAL BACKGROUND

10. Plaintiff Congela is a leading biocosmetic company that distributes precision skincare that helps restore natural beauty at the cellular level. Congela's mission is to freeze the aging process and empower individuals to achieve radiant, youthful skin through innovative products.

11. Congela is a sister company of RESTEM, LLC ("RESTEM"), which shares Congela's mission of bringing cutting-edge cell-derived products to patients in need. Specifically, RESTEM is a leading clinical-stage biopharmaceutical company focused on the discovery and development of patient-specific, as well as off-the-shelf and ready-to-use, next-generation cell therapies that are designed to activate and enhance a patient's own immune system. RESTEM's therapies are designed to enable the treatment of a broad range of disabling diseases that improve patient outcomes, as well as overall health and wellness for patients around the world.

12. Some of Congela's more recent revolutionary products are serums sold and provided under the Trademark product line, which come as the result of over a decade of research and innovation (the "Products"). Crafted through patented technology, the Products harness the power of MSC-derived secretome, allowing precise control over the types of proteins released by stem cells. This results in serums rich in naturally occurring Collagen Types I and III, Elastin, Chondroitin Sulfate, Growth Factors, and High Molecular Weight Hyaluronic Acid. The Products are unrivaled in cosmetic applications, setting the standard

4

for quality and efficacy. The Products are meticulously produced from rigorously tested, postnatal human umbilical cord lining stem cells (ULSCs), ensuring a cell-free and organic product.

13. RESTEM-related and Congela-related entities worked with Eternus Biosciences, LLC ("Eternus") in connection with the distribution of the Products beginning in or around September 2019. Eternus's owners for at least a portion of the time of those distribution efforts were Miguel (through a separate company, Cellexo, LLC), and Brian Pla (Eternus's CEO and Founder). Miguel is no longer an owner of Eternus—on or about March 17, 2023, Miguel (through Cellexo, LLC) entered into a "Membership Interest Purchase Agreement" under which Miguel sold his Eternus ownership interest to Semper Iuvenis LLC (of which Mr. Pla was the Manager). Congela owns all rights in the Trademark by virtue of Semper Iuvenis LLC's sale to Congela.

**THE DISPUTED TRADEMARK**

14. Defendant Miguel, through CIM, wrongfully recorded an assignment with the Trademark with the United States Patent and Trademark Office ("PTO") regarding Registration No. 6512024 on October 5, 2021, and misrepresented that the assignment it presented was an assignment of the Trademark to CIM.

5

# FIRST CLAIM FOR RELIEF

# (DECLARATORY JUDGMENT OF TRADEMARK OWNERSHIP UNDER THE LANHAM ACT, 15 U.S.C. §§ 1051 *et seq*.)

# (Against All Defendants)

15. RESTEM hereby realleges and incorporates by reference the allegations set forth in Paragraphs 1 through 14 as though fully set forth herein.

16. Congela is the active and current continuous user of the Trademark for use in connection with, among other things, the manufacturing, sale, and use of the Products. Congela has never assigned, licensed, or otherwise transferred any rights in the Trademark to Defendants or any third party.

17. On information and belief, Defendant Miguel is the owner of CIM. Despite never receiving an assignment or transfer of the Trademark, on information and belief Defendant Miguel, through CIM, improperly recorded an assignment with the Trademark with the United States Patent and Trademark Office ("PTO") regarding Registration No. 6512024 on October 5, 2021, and misrepresented that the assignment it presented was an assignment of the Trademark to CIM. Due to CIM's misrepresentation, CIM is accordingly currently listed as the owner of the Trademark with the PTO.

18. In addition to never owning the Trademark, CIM has never had ownership of the products or services associated with the Trademark, and under no circumstances could CIM own the Trademark, as CIM has never provided, and does not currently provide, the services or products associated with the

Trademark and has never owned, and does not currently own, the goodwill associated with the Trademark.

19. On information and belief, Defendants are not using the Trademark in connection with business activities such as any manufacturing, use, or sale of the Products, and has never owned, and does not currently own, the goodwill associated with the manufacturing, use, or sale of the Products.

20. Congela did not consent to Defendants' use of the Trademark, nor did Congela assign or convey any rights in the Trademark to Defendants. No written or oral agreement between Congela and Defendants exists regarding the transfer of any rights in the Trademark.

21. Congela remains the rightful owner of the Trademark, and Defendants' misrepresentation regarding assignment and use of the Trademark are without any legal basis or authority. Defendants' misrepresentation regarding assignment with the PTO and use of the Trademark, if any, creates confusion and uncertainty, threatens Congela's continued use and enjoyment of the Trademark, and interferes with Congela's legitimate ownership rights.

22. An actual, substantial, and justiciable controversy has arisen and now exists between Congela and Defendants regarding the ownership of the Trademark, which requires judicial determination.

23. Congela seeks a judicial declaration pursuant to 28 U.S.C. § 2201 that Congela is the rightful owner of the Trademark, that the Trademark has

never been assigned, transferred, or otherwise conveyed to Defendants, and that Defendants' registration and use of the Trademark are unauthorized.

## SECOND CLAIM FOR RELIEF

## (TORTIOUS INTERFERENCE WITH A BUSINESS RELATIONSHIP)

## (All Defendants)

24. Congela incorporates the allegations of Paragraphs 1–14 as though fully set forth herein.

25. On information and belief, Defendants have intentionally interfered with contracts and economic prospects of Congela. Specifically, Defendants committed a wrongful act by claiming ownership in the Trademark Office of the Trademark, when in fact Defendants have no right to the Trademark. Defendants knew or had reason to know that such wrongful behavior interferes with Congela's prospective contractual rights and business relationships and that such wrongful behavior would damage Congela. Specifically, Congela was in negotiations with a company, Springs Rejuvenation, for the execution of an exclusive deal for the purchase and sale of products branded with the Trademark. Congela had a reasonable expectation that its relationship with Springs Rejuvenation would result in continued economic benefit, including the pending deal for the purchase and sale of Trademark branded products valued at approximately $300,000 per month.

26. On information and belief, Defendants were aware or should have been aware of Congela's business relationship with Springs Rejuvenation and

economic expectation. Defendants accordingly knew or should have known of Congela's relationship and economic expectancy.

27. On information and belief, Defendants intentionally and unjustifiably interfered with this relationship by, inter alia, misrepresenting that the assignment it presented was an assignment of the Trademark to CIM. Defendants knew that such wrongful conduct would interfere with Congela's business relationships by creating confusion as to ownership and ability to use the Trademark.

28. Specifically, and on information and belief, Defendants intentionally and unjustifiably interfered with this business relationship by misleading Springs Rejuvenation and sowing doubt regarding Congela's rights and abilities.

29. On information and belief, as a direct and proximate result of Defendants' conduct, Springs Rejuvenation delayed the aforementioned transaction with Congela. Defendants' conduct directly caused Springs Rejuvenation to withhold or abandon the anticipated transaction, resulting in financial harm to Congela, depriving Congela of expected economic benefits of approximately $300,000 per month for several months.

30. On information and belief, Defendants' interference was malicious, unjustified, and undertaken with the intent to harm Congela's business interests.

31. Congela has suffered damages, including but not limited to costly delays and loss of the anticipated transaction value of during the delayed months, harm to Congela's business reputation, customer relationships, ongoing business

operations, and costs incurred to mitigate Defendants' interference and restore Springs Rejuvenation's confidence.

## THIRD CLAIM FOR RELIEF
## (TORTIOUS INTERFERENCE WITH A BUSINESS RELATIONSHIP)
## (All Defendants)

32. Congela incorporates the allegations of Paragraphs 1–14 as though fully set forth herein.

33. On information and belief, Defendants have intentionally interfered with contracts and economic prospects of Congela. As detailed above, Defendants committed a wrongful act by claiming ownership in the Trademark Office of the Trademark, when in fact Defendants have no right to the Trademark. Defendants knew or had reason to know that such wrongful behavior interferes with Congela's prospective and existing contractual rights and business relationships and that such wrongful behavior would damage Congela.

34. Specifically, Congela was and is currently selling Trademark branded products to a company, 10X Health System. On information and belief, Defendants were aware or should have been aware of Congela's business relationship with 10X Health Systems and economic expectation. Defendants accordingly knew or should have known of Congela's relationship and economic expectancy.

35. On information and belief, Defendants intentionally and unjustifiably interfered with this relationship by, inter alia, misrepresenting that

the assignment it presented was an assignment of the Trademark to CIM. Defendants knew that such wrongful conduct would interfere with Congela's business relationships by creating confusion as to ownership and ability to use the Trademark. On information and belief, Defendants similarly misrepresented to representatives of 10X Health Systems that CIM, and not Congela, was the legitimate owner of the Trademark.

36. Specifically, and on information and belief, Defendants intentionally and unjustifiably interfered with this business relationship by misleading 10X Health Systems and sowing doubt regarding Congela's rights and abilities.

37. On information and belief, as a direct and proximate result of Defendants' conduct, 10X Health Systems significantly reduced its purchases of Trademark branded products from Congela, depriving Congela of expected economic benefits of approximately $100,000 per month for several months.

38. On information and belief, Defendants' interference was malicious, unjustified, and undertaken with the intent to harm Congela's business interests.

39. Congela has suffered damages, including but not limited to loss of the anticipated transaction value of the purchases 10X Health Systems would have otherwise made, harm to Congela's business reputation, customer relationships, ongoing business operations, and costs incurred to mitigate Defendants' interference and restore 10X Health Systems' confidence.

## PRAYER FOR RELIEF

WHEREFORE, Congela requests entry of judgment in its favor and against Defendant as follows:

### Claim 1

1. A declaration that that Congela is the sole and rightful owner of the Trademark;

2. A declaration that Congela has never assigned, transferred, or otherwise conveyed any rights in the Trademark to Defendants;

3. A declaration that Defendants' registration of the Trademark with the PTO through CIM was unauthorized and improper;

4. A declaration that any use of the Trademark by Defendants is without authority and unlawful;

5. An order directing CIM to correct the assignment of the Trademark or, in the alternative, directing the PTO to amend the PTO records to reflect the ownership interest of RESTEM;

6. An order imposing a constructive trust for the benefit of Congela over the Trademark and all related applications;

### Claim 2

7. Compensatory damages in an amount to be determined at trial;

8. Punitive damages to deter future wrongful conduct;

9. Attorneys' fees and costs as permitted by law;

10. Injunctive relief prohibiting Defendants from further interference with Congela's business relationships;

### **Claim 3**

11. Compensatory damages in an amount to be determined at trial;

12. Punitive damages to deter future wrongful conduct;

13. Attorneys' fees and costs as permitted by law;

14. Injunctive relief prohibiting Defendants from further interference with Congela's business relationships;

### **ALL CLAIMS**

15. An award of taxable costs; and

16. That this Court award such other and further relief as this Court may deem just.

### **V. JURY DEMAND**

Congela hereby demands trial by jury in this action on all issues so triable.


Respectfully submitted,

| | |
|---|---|
| */s/ Kenneth G. Parker* | Kevin Kaplan |
| Kenneth G. Parker | Florida Bar No. 933848 |
| California Bar No. 182911 | Coffey Burlington |
| David B. Clark | 2601 South Bayshore Drive |
| California Bar No. 275204 | Penthouse One |
| Haynes and Boone, LLP | Miami, FL 33133 |
| 600 Anton Blvd., Suite 700 | office: 305-858-2900 |
| Costa Mesa, CA 92626 | fax: 305-858-5661 |
| office: (994) 202-3000 | kkaplan@coffeyburlington.com |
| fax: (949) 202-3001 | |
| ken.parker@haynesboone.com | |
| david.clark@haynesboone.com | |
| *Pro Hac Vice Applications to Be Filed* | |

**ATTORNEYS FOR CONGELA BIOCOSMETICS, LLC**